**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ANTONIO D. REED,

        Plaintiff,

      v.

CORPORAL STOKES, OFFICER
CARTAGENA, OFFICER SHAW, and THE
CITY OF ST. MARYS, GEORGIA,

        Defendants.

CIVIL ACTION NO.: 2:24-cv-146

## O R D E R

In compliance with this Court's prior Order granting Plaintiff leave to proceed without prepayment of fees, Plaintiff has furnished a copy of his trust fund account statement and has consented to the collection in installments of the $350.00 filing fee and any costs assessed by the Court from his prison trust account. Based on the information Plaintiff furnished, the Court has assessed an initial partial filing fee in the amount of $6.00.

IT IS THEREFORE **ORDERED** that Plaintiff's current custodian (or his designee) shall deduct the initial partial filing fee of $6.00 from Plaintiff's prison trust account and forward this amount to the Clerk, United States District Court, Post Office Box 1636, Brunswick, GA 31521, as the first installment of the filing fee. If Plaintiff does not have sufficient funds in his account to pay the initial partial filing fee, the appropriate prison official shall forward all available funds and carry the balance forward each month until the initial partial filing fee is paid in full. Plaintiff shall not be permitted to withdraw funds from his prison account until this initial fee has been paid.

IT IS FURTHER **ORDERED**, after the initial partial filing fee has been paid, Plaintiff's custodian (or his designee) shall set aside 20% of the preceding month's deposits to Plaintiff's trust fund account and forward those funds to the Clerk each time the set aside amount exceeds $10.00, until the balance of $350.00 filing fee has been paid in full.

IT IS FURTHER **ORDERED** that all payments shall be designated as made in payment of the filing fee for this Civil Action case number.  In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian.  The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.  A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon the parties and Plaintiff's current custodian.

Because the Court has granted Plaintiff leave to proceed in this case *in forma pauperis* under 28 U.S.C. § 1915, service must be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost.  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service, unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).  The Court advises Plaintiff he has the ultimate

responsibility to ensure Defendants are served, Fed. R. Civ. P. 4, particularly in light of Plaintiff being represented by counsel.

**SO ORDERED**, this 28th day of March, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA